# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| **JESSE DANIEL MAJOR,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 7:21-cv-00051-WLS-TQL** |
| **VS.** | : | |
| | : | |
| **OFFICER JONES,** *et. al.* | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

_____

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jesse Daniel Major, a former inmate at the Valdosta State Prison in Valdosta, Georgia, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* was granted and he was ordered to pay an initial partial filing fee.  ECF No. 5.  Plaintiff was also ordered to supplement his complaint and provided instructions how to do so.  *Id*.  Plaintiff has filed a supplemental complaint (ECF No. 7) and paid the initial partial filing fee.  His complaint is ripe for preliminary review.  On preliminary review, Plaintiff will be allowed to proceed on his Eighth Amendment claim against Defendant Jones.  It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Smith, Foulks, Brockington and the State of Georgia be **DISMISSED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Plaintiff's Allegations</u>

Plaintiff was previously incarcerated at Valdosta State Prison. ECF No. 1 at 5. On October 16, 2020, Plaintiff states that Officer Jones became verbally abusive towards him and other inmates. *Id.* at 6. When Plaintiff stated that he would file a grievance, Jones pulled him "out of sight". *Id.* Jones then aggressively pushed Plaintiff up against a wall, forcefully grabbed his penis and testicles, and told Plaintiff that he would "give [him]

3

something to write a grievance about." *Id*.  Plaintiff states that Jones then straddled him from behind and proceeded to stick his hand down Plaintiff's pants when another Officer walked up ending the assault.  *Id*.  Plaintiff subsequently attempted to initiate a PREA investigation.  *Id*.  Plaintiff states that he did not know how to properly file a PREA claim after the first incident because he had not yet had orientation.  *Id*.  at 6-7. He further claims he still did not know proper procedures to file a PREA claim even after orientation because Counselor Brockington "forced [him] to sign documents saying [he] saw the PREA video, but [he] never saw it." *Id*. at 7.

Plaintiff complains that he was placed in another compromising position with Officer Jones on October 26, 2020.  *Id*.  Officer Jones was the supervising officer for Plaintiff's scheduled urine screening for drugs.  *Id*.  He was told by Jones to "get behind the door out of sight, …pull down [his] pants and underwear, while [Jones was] standing right behind [him]." *Id*.  Plaintiff was unable to urinate due to nervousness and Jones again became verbally abusive.  *Id*.  Plaintiff notified Jones he had filed a PREA complaint.  *Id*. He states that Jones then grabbed him by his arm and yanked him down the hallway as he threatened to beat him.  *Id*. at 8.  Jones then contacted Unit Manager Smith who came to where they were.  *Id*.  At that point, Jones leveed a charge of "insubordination and failure to follow" against the Plaintiff.  *Id*.  Plaintiff was, thereafter, "sent to the hole" for a month. *Id*.

Plaintiff states that prior to going to "the hole", Defendant Smith "refused to hear [his] side of the story", that he "was never served a Disciplinary Report" and that his "96

hour hearing appeal was denied." *Id*. at 8-9. Plaintiff further claims that he "did not receive due process." *Id*. at 9. Lastly, Plaintiff complains about the conditions of his confinement in "the hole". *Id*. at 8-9. More specifically, he states that Defendant Foulks placed him in a "level 3 mental health dorm" although he was a "Level 2" and that this was an act of retaliation for his PREA complaint. *Id*. Plaintiff states that he was in "the hole" for a month where Defendant Foulks refused "to allow [him] to clean [his] cell, clean clothes, a haircut, a grievance form, cold water to drink, and made him choose between "getting a shower or fresh air". *Id*. at 9. Plaintiff requests damages. ECF No. 7 at 1.

III.    Plaintiff's Claims

    A.    Claim against Defendant Jones

Allegations of threats and verbal abuse, standing alone, are generally "insufficient to state a constitutional claim," *Hernandez v. Fla. Dep't Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008) (per curiam); *see also McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.1983) ("threatening language and gestures ... do not, even if true, amount to constitutional violations"); *Hammock v. Jarriel,* No. CV 607–025, 2007 WL 1810442, at *1 (S.D. Ga. June 21, 2007) (holding that prison official's use of a racial slur did not state a viable claim under § 1983). However, Plaintiff in this case alleges that the verbal harassment and threat occurred just prior to Defendant Jones's physical attack upon him on October 16th and October 26th. Thus, these threats were "accompanied by conduct supporting the credibility of the threat." *Chandler v. D.C. Dep't Corr.*, 145 F.3d 1355, 1361 (D.C. Cir. 1998) (noting that in addition to threats accompanied by threatening

conduct, repeated threats of physical harm and sexual harassment are "potentially violative of the Eighth Amendment").  Thus, at this early stage of the litigation, Plaintiff's claims concerning Defendant Jones's threats and harassment cannot be summarily dismissed. *See, e.g., Wilson v. Silcox*, 151 F. Supp. 2d 1345, 1353 (N.D. Fla. Mar. 7, 2001) (finding that genuine issues of material fact existed where correctional officers threatened to kill prisoner because of a pending lawsuit and threats "were presented to Plaintiff along with statements that Defendant and his brother had caused physical harm or even death to inmates in the past without retribution" and prisoner alleged he suffered "severe mental anguish" as a result).

As for Plaintiff's allegation of sexual abuse at the hands of Defendant Jones, the Supreme Court has explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006), *abrogated on other grounds by Sconiers v. Lockhart*, 946 F.3d 1256 (11th Cir. 2020). In *Sconiers*, the Eleventh Circuit has recently opined that a prisoner must satisfy two elements, one subjective and one objective, when bringing this type of claim. *Id*. at 1265.  Under the subjective element, "the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." *Id*. (citing *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).  In other words, the official must have "acted with a sufficiently culpable state of

6

mind". *Id*.   Indeed, "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37.

As for the objective component of an excessive-force violation based upon sexual misconduct, the focus is on whether the official's actions were "harmful enough, or sufficiently serious," to violate the Constitution.   *Sconiers,* 946 F.3d at 1265 (citing *Hudson*, 503 U.S. at 8 and *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   Here, the allegation of the forceful grabbing of Plaintiff's penis and straddling of the Plaintiff as well as the accompanying verbal taunt by Defendant Jones satisfies both components.   After liberally construing Plaintiff's complaint and reading all allegations in his favor, Plaintiff's Eighth Amendment claim based on sexual harassment against Defendant Jones can proceed for further factual development.

### B.    Claims against Defendants Smith and Foulks

Plaintiff next suggests that Defendants Smith and Foulks violated his Due Process Rights by placing him in segregation without serving him with a disciplinary report and because his "96 day hearing appeal was denied."   ECF No. 1 at 8-9.   He goes on to complain that while he was in segregation he was not allowed "to clean [his] cell, clean clothes, a haircut, a grievance form, cold water to drink," and made him choose between "getting a shower or fresh air".   *Id*. at 9.   Plaintiff appears to assert both a Due Process and a conditions of confinement claim as it relates to his thirty day stint in segregation.

 "In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated."   *Jones v. Schofield*,

No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009)(*citations omitted*). In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutionally protected liberty or property interest without constitutionally adequate process.  *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).  Furthermore, the Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).  Thus, to state a due process claim, a prisoner must allege more than that he has been confined in segregation without due process.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Due process protections are only evoked when the change in a prisoner's conditions is so severe that it (1) essentially exceeds the sentence imposed by the court of conviction or (2) imposes "atypical and significant hardship" on the prisoner in relation to the ordinary incidents of prison life.  *Id.* at 484.

In this case, Plaintiff has not alleged sufficient facts to show that either circumstance described in *Sandin* applies.  First, the Plaintiff has failed to demonstrate how his confinement for thirty days in segregation extended his sentence by the sixty days as he has alleged. He has set forth no factual basis or causal connection in his complaint as to any of the Defendants and his proffer that the events of which he complains caused an

unconstitutional extension of his sentence.[1]  Secondly, he has failed to demonstrate that the more restrictive conditions to which he was subjected in segregation "[were] particularly harsh compared to ordinary prison life or if he remain[ed] subject[ed] to those conditions for a significantly long time."  *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (per curiam).  "Short sentences of disciplinary confinement do not tend to present the kind of atypical and significant deprivation to implicate the Due Process Clause absent a showing that the prisoner's isolation worked a major disruption in the [his] environment when compared to his placement in the general population."  *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) (citing *Sandin*, 515 U.S. at 486).  *See also, e.g., Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (no liberty interest implicated by two-month period in administrative confinement); *Sandin*, 515 U.S. at 476, 485 (placement in segregation for term of thirty days did not give rise to protected liberty interest).  Nothing in Plaintiff's Complaint suggests that Plaintiff's term in solitary confinement caused a "major disruption" in his environment (when compared to the conditions he would have experienced in general population) or that the deprivations he endured were otherwise atypical of those discomforts normally associated with prison life.  *See Sandin*, 515 U.S. at 486. *See also*, *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981) ("prisons . . . which house persons convicted of serious crimes cannot be free of discomfort").

---

[1] Plaintiff has also raised this same issue of a two-month extension of his sentence and his alleged illegal incarceration in a federal habeas corpus petition.  See ECF No. 1 in *Major v. James*, 7:21-cv-66-WLS-TQL (M.D. Ga. May 28, 2021)

This leads also into his conditions of confinement claim. To state a conditions-of-confinement claim, "a plaintiff must show a condition of confinement that inflicted unnecessary pain or suffering, the defendant's deliberate indifference to the condition, and causation." *White v. Cochran*, No. 16-17490-G, 2017 WL 6492004, at *3 (11th Cir. Nov. 27, 2017) (per curiam).  The plaintiff must demonstrate that the deprivations about which he complains are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015).  This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  Plaintiff's lack of clean clothes, cleaning supplies, a haircut, and cold water do not meet this standard.  For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Due Process and conditions of confinement claims as to Defendants Smith and Foulks be **DISMISSED without prejudice.**

### C.     Claim against Defendant Brockington

42 U.S.C. 1983 is not itself a source of substantive rights; it is a vehicle for the enforcement of rights that are conferred elsewhere. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 271 (1994). Accordingly, "[t]he first step in any such claim is to identify the specific

constitutional right allegedly infringed." *Id.*; *See also Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013) (alteration adopted) (quoting *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) )("A successful section 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law"); *Grigsby v. Thomas*, 506 F.Supp.2d 26, 28 (D .D.C.2007)("Even though a pro se complaint should be construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief"). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x. 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Plaintiff's claim against Defendant Brockington does not implicate a violation of his constitutional rights. Nor does Plaintiff allege a harm, injury, or risk of harm or injury as would be required to state a claim under § 1983. The best the Court can discern, Plaintiff is seeking a § 1983 action against this Defendant based on a violation of a rule or policy. A defendant's failure to abide by internal rules, procedures, or policy, however, is not by itself a violation of Plaintiff's constitutional rights. *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013); *Sandin*, 515 U.S. at 482 (noting that prison regulation did not confer protected interest and observing that prison regulations are "not designed to confer rights"); *Rineholtz. v. Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999) ("Prison regulations and

Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action"); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) ("[F]ailure to follow prison rules or regulations do not, without more, give rise to a constitutional violation").  Here, Plaintiff has failed to allege a constitutional violation and hence he has failed to state a claim upon relief can be granted.  Accordingly, it is **RECOMMENDED** that his claim against Defendant Brockington be **DISMISSED** without prejudice.

D.   Claims against the State of Georgia

The Plaintiff has named the State of Georgia as a Defendant.  The State of Georgia is shielded from liability by the Eleventh Amendment to the United States Constitution.  Specifically, the Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989).  Thus, it is futile to name the State of Georgia as a Defendant.  Accordingly, it is **RECOMMENDED** that Plaintiff's claim as to Defendant State of Georgia be **DISMISSED.**

IV.   Conclusion

For the foregoing reasons, Plaintiff's claim against Defendants Jones shall proceed for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Smith, Foulks, Brockington, and the State of Georgia be **DISMISSED**

12

**without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Jones, it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant Jones is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The

Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of

the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 11th day of August, 2021.

s/ ***Thomas Q. Langstaff***
United States Magistrate Judge

16