IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSE DANIEL MAJOR,         :<br>     Plaintiff,         :<br>                                        :<br>v.                                   :<br>                                        :<br>OFFICER JONES, *et. al.*,    :<br>                                        :<br>     Defendants.       :<br>                                        :<br>                                        : | CASE NO.: 7:21-CV-51 (WLS-TQL) |

## **ORDER**

Before the Court is a Recommendation filed by United States Magistrate Judge Thomas Q. Langstaff. (Doc. 39). Therein, Judge Langstaff recommends that Defendant's Motion for Judgment on the Pleadings (Doc. 34), which he treated as a motion to dismiss, be granted, and Plaintiff's Complaint be dismissed without prejudice. (Doc. 39). To note, Judge Langstaff considered Defendant's Motion for Judgment on the Pleadings (Doc. 34) as a motion to dismiss because Defendant raised the defense or argument that he is entitled to dismissal since Plaintiff failed to exhaust his administrative remedies; that is, if an exhaustion defense is raised in a non-Rule 12(b) motion, then the Eleventh Circuit has stated that such defense should be treated as a motion to dismiss. (Doc. 39, at 2–3) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008)).

Once Defendant filed the Motion (Doc. 34), Judge Langstaff provided Notice (Doc. 37) to the Plaintiff, proceeding pro se, and advised the Plaintiff that he may respond to it. But Plaintiff did not file a response.

1

Judge Langstaff assessed Plaintiff's factual allegations in his Complaint, as well as other available evidence and relevant record, to determine whether Plaintiff properly submitted grievance or sought to exhaust administrative remedies available to him. After assessing available facts, record, briefs, and evidence, and conducting appropriate legal analysis, Judge Langstaff determined that Plaintiff did not exhaust his administrative remedies before filing the lawsuit in the above-styled case. Upon full review, Judge Langstaff concluded that Defendant's Motion (Doc. 34), which is treated as a motion to dismiss, should be granted, and thus, Plaintiff's Complaint be dismissed without prejudice.

More than fourteen days passed without any objections being filed. Thus, the Court has reviewed the Recommendation (Doc. 39) and finds no plain error or manifest injustice therein. *See United States v. Aponte*, 461 F. App'x. 828, 830 n.2 (11th Cir. 2012); 28 U.S.C. § 636(b).

Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 39) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Defendant's Motion for Judgment on the Pleadings (Doc. 34), viewed as a motion to dismiss, is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this   19th   day of July 2023.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**