IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSE DANIEL MAJOR,  :<br>    Plaintiff,  :<br>                      :<br>v.  :          CASE NO.: 7:21-CV-51 (WLS-TQL)<br>                      :<br>OFFICER JONES, *et. al.*,  :<br>                      :<br>    Defendants.  :<br>                      : | |

**ORDER**

This case is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. On November 2, 2023, the Eleventh Circuit remanded this action to the Court with the following instructions:

> This appeal is REMANDED, *sua sponte*, to the district court for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6). Jesse Daniel Major's *pro se* notice of appeal, filed on September 19, 2023, is untimely to appeal from the district court's July 19, 2023 final order and judgment dismissing his complaint. *See* Fed. R. App. P. 4(a)(1)(A). However, Major's notice of appeal, which we must liberally construe, suggests that he did not receive notice of the final order and judgment within 21 days of entry because he was in jail, where he did not receive mail, during that time. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that courts must construe *pro se* filings liberally). Thus, there is a question as to whether the appeal period should be reopened under Rule 4(a)(6). *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997); Fed. R. App. P. 4(a)(6). Upon making its determinations, the district court shall return the case, as supplemented, to this Court, for further proceedings.

11th Circuit Remand Order (Doc. 46).

On July 19, 2023, the Court entered the Judgment (Doc. 41) and Order (Doc. 40) that accepted and adopted United States Magistrate Judge Thomas Q. Langstaff's Recommendation (Doc. 39) that Defendants' Motion for Judgment on the Pleadings

1

(Doc. 34) be granted. That same day, the Clerk mailed a copy of the Court's Order and Judgment via United States Postal Service to Plaintiff Major.

On September 19, 2023, Plaintiff Major filed his Notice of Appeal (Doc. 43), explaining that his filing is untimely because he dealt with "multiple incarcerations: March 31st, July 5th, and July 17th, with the latter resulting in a 60[-] day sentence." (Doc. 43, at 1). He further states that while he was incarcerated, "the mail was not forward to [Plaintiff] in jail." (*Id.*)

The issue presented to the Court by the Eleventh Circuit is whether Plaintiff Major's notice of appeal should be reopened pursuant to Federal Rule of Appellate Procedure 4(a)(6).[1] *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) ("[W]e hold that when a *pro se* appellant alleges that he did not receive notice of the entry of the judgment or order

---

[1] Federal Rule of 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(1)(A)-(C).

2

from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion . . . .")

Therefore, Defendants are **ORDERED** to file a response to Plaintiff's Notice of Appeal (Doc. 43) in view of the above-referenced remand within **twenty-one (21) days** of entry of the Order. Upon filing of Defendants' response, Plaintiff may file a reply to Defendants' response **not later than fourteen (14) days** following the filing of the response.

      **SO ORDERED**, this __20th__ day of November 2023.

                                                         /s/ W. Louis Sands
                                                         **W. LOUIS SANDS, SR. JUDGE**
                                                          **UNITED STATES DISTRICT COURT**