IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSE DANIEL MAJOR, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:21-CV-51 (WLS-TQL) |
| : | |
| OFFICER JONES, *et. al.*, : | |
| : | |
|     Defendants. : | |
| : | |
| : | |

**ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. On November 2, 2023, the Eleventh Circuit remanded this action to the Court with the following instructions:

> This appeal is REMANDED, *sua sponte*, to the district court for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6). Jesse Daniel Major's *pro se* notice of appeal, filed on September 19, 2023, is untimely to appeal from the district court's July 19, 2023 final order and judgment dismissing his complaint. *See* Fed. R. App. P. 4(a)(1)(A). However, Major's notice of appeal, which we must liberally construe, suggests that he did not receive notice of the final order and judgment within 21 days of entry because he was in jail, where he did not receive mail, during that time. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that courts must construe *pro se* filings liberally). Thus, there is a question as to whether the appeal period should be reopened under Rule 4(a)(6). *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997); Fed. R. App. P. 4(a)(6). Upon making its determinations, the district court shall return the case, as supplemented, to this Court, for further proceedings.

Eleventh Circuit Remand Order (Doc. 46).

Previously, on July 19, 2023, the Court entered the Judgment (Doc. 41) and Order (Doc. 40) that accepted and adopted United States Magistrate Judge Thomas Q. Langstaff's Recommendation (Doc. 39) that Defendant's Motion for Judgment on the Pleadings

1

(Doc. 34) should be granted. That same day, the Clerk mailed a copy of the Court's Order and Judgment via United States Postal Service to Plaintiff Major.

On September 19, 2023, Plaintiff Major filed his Notice of Appeal (Doc. 43), explaining that his filing is untimely because he dealt with "multiple incarcerations: March 31st, July 5th, and July 17th, with the latter resulting in a 60[-] day sentence." (Doc. 43, at 1). He further states that while he was incarcerated, "the mail was not forward to [Plaintiff] in jail" and that when he "followed the grievance procedures," he was "moved to another location . . . causing [Plaintiff] longer incarceration." (*Id.* at 1–2).

The issue presented to the Court by the Eleventh Circuit is whether Plaintiff Major's Notice of Appeal should be reopened pursuant to Federal Rule of Appellate Procedure 4(a)(6).

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;

---

[1] Federal Rule of Civil Procedure 77(d) ("Conducting Business; Clerk's Authority; Notice of an Order or Judgment") provides, in relevant part:

> (d) Serving Notice of an Order or Judgment.
> (1) *Service.* Immediately after entering an order of judgment, the clerk must serve notice of the entry. . . on each party who is not in default for failing to appear. The clerk must record the service on the docket. . . .
>
> (2) *Time to Appeal Not Affected by Lack of Notice.* Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a).

Fed. R. Civ. P. 77(d)(1)-(2).

2

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C).

On November 20, 2023, the Court entered an Order (Doc. 47), instructing the Defendant to file a response to the Notice of Appeal (Doc. 43). A few days later, Defendant filed a timely Response (Doc. 48), requesting that the Court not reopen the appeal period. (Doc. 48). Defendant explains that he cannot show that Plaintiff has not met the three criteria of Rule 4(a)(6) and that Defendant would not be prejudiced by reopening the time for appeal not beyond the prejudice in having to further litigate the case. (Doc. 48, at 1–2). Still, Defendant contends that the Court should decline to open the appeal period because Plaintiff failed to update the Clerk of his updated address. (*Id.* at 2).

Here, Plaintiff Major alleges in his Notice of Appeal (Doc. 43) that he "could not respond in a timely manner" because the mail was not forwarded to him in jail during his latest incarceration on July 17, 2023, which lasted for sixty days. (Doc. 43, at 1). When construing Plaintiff Major's filing liberally, the Court finds that its Order and Judgement was entered only two (2) days after Plaintiff's latest incarceration commenced on July 17, 2023. And sixty (60) days from July 17, 2023, would have been Friday, September 15, 2023, which is the date included and signed by Plaintiff on his Notice of Appeal (Doc. 43). About four (4) days later, on September 19, 2023, the Notice of Appeal was filed on the docket.

3

First, the Court finds subsection(A) of Rule 4(a)(6) has been satisfied based on Plaintiff's contention that the notice of the Order and Judgment during his latest incarceration, which lasted sixty days or until September 15, 2023, was not forwarded to him. Upon review of Plaintiff's Notice of Appeal (Doc. 43) and the docket, the Court finds that Plaintiff immediately filed the instant Notice of Appeal (Doc. 43) on September 15, 2023, which is the last day of his sixty-day sentence from his July 17, 2023, internment.

Next, the Court also finds that subsection (B) of Rule 4(a)(6) is satisfied. The Notice of Appeal (Doc. 43) was filed sixty-two (62) days after entry of the Order and Judgment (Docs. 40; 41); moreover, the Notice of Appeal was filed on the docket on September 19, 2023, or within fourteen (14) days after Plaintiff received the Order and Judgment, which the Court, in liberally construing Plaintiff's Notice (Doc. 43), was September 15, 2023, when he was allegedly let out from his "60[-]day sentence." (Doc. 43, at 1). The Court finds, based on Plaintiff's statement in his Notice of Appeal (Doc. 43) and a review of the docket, that Plaintiff diligently filed the Notice of Appeal to the best of his abilities.

Lastly, the Court finds subsection (C) of Rule 4(a)(6) is also satisfied because the Court finds neither Party would be prejudiced within the meaning of Rule 4(a)(6)(C) by reopening the time to file an appeal in this matter. Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment. ("By 'prejudice,' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.") Here, no discovery had occurred, and Defendant has also

acknowledged that he would not be prejudiced by reopening the time for appeal and that the only prejudice would be "having to continue to litigate a case that Defendant thought was over." (Doc. 48, at 2). Thus, the Court finds that all three conditions have been met.

Generally, even if all the three conditions under Rule 4(a)(6) are met, district courts are not required to reopen the appeal period because the Rule states that a district court "may" reopen if the conditions are met. *Bazemore v. United States*, 292 F. App'x 873, 875 (11th Cir. 2008). Defendant argues that the Court should decline to open the appeal period because Plaintiff did not update the Clerk about his move to another facility in Bainbridge, Georgia. (Doc. 48, at 2). But courts usually construe *pro se* filings liberally. *See Houston v. Lack*, 487 U.S. 266, 271 (1988); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tannenbaum v. United* States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, although Plaintiff failed to update the Clerk about his recent move to another facility, Plaintiff states that when he moved to that facility, it "caus[ed] [Plaintiff] longer incarceration." (Doc. 43, at 2). In liberally construing Plaintiff's Notice, the Court interprets this to mean that Plaintiff was incarcerated at around the time the move occurred, which made it difficult for Plaintiff to file his Notice in a timely manner. (Doc. 43, at 2). Upon review, the Court does not find that Plaintiff could have timely updated his address and, as a result, such an update would have prevented Plaintiff's late notice of the judgment.

In sum, the Court finds that reopening the appeal period is appropriate in this case for the aforementioned reasons. The Clerk of Court is **DIRECTED** to return this case to the Eleventh Circuit Court of Appeals for further proceedings.

**SO ORDERED**, this __28th__ day of November 2023.

                                                  /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**